THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MATTHEW A. DALY, PLAINTIFF IN ERROR.

Argued May 2d, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff in error, *Wilbur A. Mott* and *George T. Vickers*.

For the defendant in error, *Johnson V. Aller* and *George K. Large*.

PER CURIAM.

This case comes to this court through the medium of a writ of error directed to the Hunterdon County Court of Quarter Sessions. The entire record of the proceedings has been certified so the case is here both upon assignments of error and specifications of causes for reversal. The plaintiff in error is Matthew A. Daly, a member of the state police. He was indicted for committing an assault and battery upon Timothy Meaney. Timothy Meaney and his brother, James Meaney, were farmers residing in Hunterdon County. A complaint was made against them with reference to insufficient care of cattle. A warrant upon the complaint was issued. In attempting to execute the warrant, what might be termed a battle between the state troopers and the Meaneys occurred during the night of December 21st, 1926. Daly was wounded. It is claimed that the wound was inflicted with a shotgun by Timothy Meaney. When in the morning Timothy Meaney had been arrested, the indictment charged that Daly struck Meaney with his fist. Daly was convicted.

The first point made by the plaintiff in error is that there was no evidence that Daly struck Timothy Meaney and therefore the verdict was against the weight of the evidence. The

record shows that Dr. Lane testified to a trooper striking Meaney with his fist. He did not identify Daly. One Norman Dalrymple testified that he saw a trooper hit Meaney. This trooper had a white patch on his chin. In response to the question as to whether he could identify the trooper or not, he replied that "the man with the light suit on looks like the fellow." This man was Daly. William Terriberry testified to the effect that Daly had a white patch or bandage on his chin. The face of Timothy Meaney was swollen and red. His nose was bleeding. This testimony was sufficient to permit the jury to pass upon the question as to whether or not the defendant was the man who struck Meaney. Daly did not take the stand. No evidence was offered in his behalf. The verdict under this state of the testimony is not, we think, contrary to the weight of the evidence.

The next point advanced by the plaintiff in error deals with the testimony of Sergeant Cunningham, a witness offered by the state, who was a member of the state police force. The state expected Cunningham to testify that he saw Daly strike Meaney. He testified that he did not see Daly hit Meaney. Cunningham was then asked whether or not he testified before Colonel Schwartzkopf, Major Kimberling and Captain Lamb with reference to this matter on January 27th, 1927. This question was admitted. We think properly, but it is unnecessary to consider the point, because the witness said that he had not testified at any hearing or trial on the subject. Cunningham was then asked whether he had made a statement. objection was made to this. His answer was that he had not made a statement or given any testimony on the subject. When the question was put directly to the witness it was objected to and the objection was sustained. The defendant then moved to withdraw a juror. This motion was denied. The ruling dealt with a matter resting within the direction of the court. There was nothing which transpired which was prejudicial to the defendant. This disposes of points three, four and five.

Point six deals with an objection made to a witness, Kimberling, being permitted to testify that a certain paper marked *S 2* for identification, incompetent as evidence, was delivered

by the witness to the prosecutor of the pleas. We see nothing harmful to the plaintiff in error in the allowance of this question.

Point seven brings up the allowance by the court of the following question put to Timothy Meaney: "You did not see him hit you?" Answer: "I did not see him hit me, but I saw him shortly after." As the state was obliged to show that Daly was at the place when Meaney was hit, we see nothing erroneous in permitting this question to be asked the witness.

The eighth point deals with that portion of the charge of the court which deals with the subject of the defendant not taking the stand in his behalf. What the court said was taken in part from the case of *State* v. *Parker,* 61 *N. J. L.* 308; *affirmed,* 62 *Id.* 801. No particular exception was taken to this part of the charge at the time. It is now brought up under a general exception taken to the charge. What the court said on this subject was:

"Considerable has been said both by the counsel for the defendant and counsel for the state, the prosecutor, as to the defendant not taking the witness stand. The rule in New Jersey is as follows: * * * upon the New Jersey act of 1871, the Evidence act, which permitted an indicted person to become a witness in his own behalf by offering himself as such, did not provide that his failure to offer himself should raise any presumption against him when there shall be allusion to such failure by counsel or court. It was held that when facts had been testified to by witnesses for the prosecution, which concerned the actions of the defendant, and, if not true, might be disproved by him, his failure to offer himself as a witness might be considered and commented upon."

While this is not as complete a statement as that contained in *State* v. *Parker, supra,* we consider it a correct statement of the law as far as it goes. It was neither harmful or prejudicial to the plaintiff in error. If a fuller statement of the law had been desired by the plaintiff in error it should have been embodied in a request to charge and submitted to the trial judge.

The judgment on the conviction is affirmed.